UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                              Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                              N/A    
     Deputy Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING DEFENDANT'S
                              MOTION TO DISMISS (Doc. 29)**

     Before the Court is Defendant TruAbutment Inc.'s ("TruAbutment") Motion to Dismiss (MTD, Doc. 29).  Plaintiff Straumann USA, LLC ("Straumann") opposed (MTD Opp., Doc. 40) and Defendant replied (MTD Reply, Doc. 50). After holding a hearing on September 13, 2019 and taking the matter under submission, the Court DENIES Defendant's Motion to Dismiss in its entirety.

## I.   BACKGROUND[1]

     Plaintiff Straumann is a leading supplier throughout the United States of premium dental implants that the company develops and manufactures.  (Compl. ¶¶ 12-13, Doc. 1.) Dental implants are medical devices surgically implanted into the patient's jaw bone to replace natural teeth and function as artificial tooth roots.  (*Id.* ¶ 13.)  A connector, called an abutment, is placed on the inside of the dental implant and often secured with a small screw.  (*Id.* ¶ 14.)  The abutment holds and supports dental restorations, such as crowns or bridges.  (*Id.*)
     The Straumann Group has patented several aspects of the dental implant systems that it produces, including the "CrossFit®" connection that operates between the dental

---

[1] For the purposes of Defendant's Motion to Dismiss, the Court deems the well-pleaded allegations of the Complaint to be true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                              Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

implant and a corresponding abutment.  (*Id*. ¶ 15.)  The patents-in-suit are US Patent No.
8,948,002 (the "002 Patent") and US Patent No. 8,408,904 (the "904 Patent") and are
licensed exclusively to Plaintiff Straumann.  (*Id*. ¶¶ 16-17.)  The patented CrossFit
connection solves the problem of incorrect positioning of the abutment in relation to the
dental implant and allows a stable and sterile coupling of the abutment and implant.  (*Id*.
¶ 18.)  One important aspect of the patented inventions is the anti-rotational feature that
the CrossFit connection employs to ensure stability in the connection and prevent rotation
between the abutment and implant.  (*Id*. ¶ 20.)  Another important aspect is the anti-
jamming feature that prevents improper assembly of the implant-abutment coupling
without proper rotational alignment.  (*Id*. ¶ 21.)  Straumann produces a 2.9 millimeter
diameter bone level tapered implant (the "BLT ∅ 2.9mm"), which is the smallest implant
the company has ever offered and is designed to be used in very small spaces.  (*Id*. ¶ 22.)

Defendant TruAbutment advertises and sells abutments marketed as "compatible"
with implants produced by various manufacturers, including those of Straumann.  (*Id*. ¶
24.)  Straumann alleges that TruAbutment knowingly copied Straumann's patented
CrossFit connection.  (*Id*. ¶¶ 28-29.)  Straumann alleges that TruAbutment has been and
currently is infringing upon the patents-in-suit through "among other things, the making,
using, importing, selling, and/or offering for sale abutments along with the requisite
locking screw for use with the Straumann Bone Level line of implants."  (*Id*. ¶ 32.)
TruAbutment has had actual notice of its alleged infringement of the patents-in-suit since
at least May 9, 2019, when Straumann sent a cease and desist letter to TruAbutment.  (*Id*.
¶ 31.)

Abutments for use in dental implants are classified by the FDA as a Class II
medical device that is considered a "medium to moderate risk device."  (*Id*. ¶ 35)  Before
marketing or selling such a device, a manufacturer must obtain a 510(k) clearance,
wherein it must be demonstrated that the device is substantially equivalent to (meaning,
as safe and effective as) a device already on the market.  (*Id*.)  Selling a device that
requires a 510(k) clearance without previously obtaining the clearance is a federal crime
under 21 U.S.C. § 333.  (*Id*. ¶ 36.)  Straumann states that it appears that Truabutment has
not obtained 510(k) clearance for many of the abutments that it markets in the United
States, including for dozens of devices marketed as Straumann-compatible.  (*Id*. ¶ 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                           Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

Straumann believes that TruAbutment did not even attempt to obtain 510(k) clearance for the abutments that it markets as compatible with the BLT Ø 2.9mm implant.  (*Id*. ¶ 38.)

Straumann asserts that TruAbutment products fail at an unusually high rate and points to two specific instances of TruAbutment abutment fractures that Straumann has learned of.  (*Id*. ¶ 40.)  Because relatively small imperfections can lead to abutment failure, non-adherence to the exact specifications of the original product or use of different materials increase the chance that some combination of the implant, abutment, or connecting screw will break.  (*Id*. ¶ 41.)  Such device failure typically requires emergency surgery to remove the entire assembly from the patient's jaw.  (*Id*.)  Straumann alleges that, because of these serious consequences, the failure of a knockoff abutment unfairly casts doubt on the reliability and safety of the implant with which it was coupled.  (*Id*. ¶ 42.)  Safety concerns are amplified in the context of the BLT Ø 2.9mm implant because the small size of the product further reduces the margin for error.  (*Id*. ¶ 43.)

On May 9, 2019, Plaintiff filed this action against Defendant alleging: (1) Direct Patent Infringement of the '904 Patent under 35 U.S.C. § 271(a); (2)  Inducement of Patent Infringement of the '904 Patent under 35 U.S.C. § 271(b); (3) Contributory Infringement of the '904 Patent under 35 U.S.C. § 271(c); (4) Direct Patent Infringement of the '002 Patent under 35 U.S.C. § 271(a); (5) Inducement of Patent Infringement of the '002 Patent under 35 U.S.C. § 271(b); (6) Contributory Infringement of the '002 Patent under 35 U.S.C. § 271(c); (7) False Advertising under Lanham Act § 43(a) (15 U.S.C. § 1125(a) and (d)); and (8) Unfair Business Practices under the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200 *et seq*. (*Id*. ¶¶ 44-108.)  Plaintiff is seeking – among other forms of relief – various types of money damages and an array of injunctive relief.  (*Id*. at 22-24.)

## II.    <u>REQUEST FOR JUDICIAL NOTICE</u>

In support of its Motion to Dismiss, TruAbutment asks the Court to take judicial notice of excerpts of the prosecution histories of the '904 Patent and '002 Patent.  (*See* RJN, Doc. 30.)  Straumann has not opposed this request.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                          Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

         "When considering a motion to dismiss, a court typically does not look beyond the
complaint to avoid converting a motion to dismiss into a motion for summary judgment."
*Better Homes Realty, Inc. v. Watmore*, Case No.: 3:16-cv-01607-BEN-MDD, 2017 WL
1400065, at \*2 (C.D. Cal. April 18, 2017) (citing *Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755, 760 (C.D. Cal. 2015)).  "Notwithstanding this precept, a court may
take judicial notice of material which is included in, referenced in, or relied upon by the
complaint, matters in the public record, and facts 'not subject to reasonable dispute' that
are 'generally known within [this Court's] territorial jurisdiction' or 'can be accurately
and readily determined from sources whose accuracy cannot reasonably be questioned'
under Federal Rule of Evidence 201(b)."  *Id.*  Because a "prosecution history is a public
record that is 'capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned,'" judicial notice of the documents may be
taken.  *Iconfind, Inc. v. Google Inc.*, No. 2:11-cv-0319-GEB-JFM, 2012 WL 158366, at
\*1 (E.D. Cal. Jan. 18, 2012); *see also Audionics System, Inc. v. AAMP of Florida, Inc.*,
CV 12-10763 MMM (JEMx), 2013 WL 12129652, at \*1 (C.D. Cal. Nov. 19, 2013);
*NetFuel, Inc. v. Cisco Systems Inc.*, No. 5:18-cv-02352-EJD, 2018 WL 4510737, at \*2 fn.
1 (N.D. Cal. Sept. 18, 2018).
         The Court GRANTS Defendant's Request for Judicial Notice.


## III.    LEGAL STANDARD


         In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all
"well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679
(2009).  Furthermore, courts must draw all reasonable inferences in the light most
favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,
998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion
couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The complaint must contain
"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has
facial plausibility when the pleaded factual content allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                    Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

*Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.    DISCUSSION

### A.    TruAbutment's Patent Exhaustion Affirmative Defense Cannot Be Decided on a Motion to Dismiss

The doctrine of patent exhaustion "limit[s] the patent rights that survive the initial authorized sale of a patented item."  *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 621 (2008).  "Exhaustion is triggered only by a sale authorized by the patent holder, whereby if the thing that is sold 'substantially embodies' patented subject matter owned by the entity that authorized the sale, then the patent is exhausted as to the thing sold."  *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1046 (Fed. Cir. 2015) (citing *Quanta*, 553 U.S. at 636-38.).  "'Substantial embodiment' is established if (1) the only reasonable and intended use of the article is to practice the allegedly exhausted patent; and (2) the article embodies the essential or inventive features of the allegedly exhausted patent."  *Id*.

Patent exhaustion is an affirmative defense that must be pleaded and proved by TruAbutment.  *See ExcelStor Technology, Inc. v. Papst Licensing GMBH & Co. KG*, 541 F.3d 1371, 1376-77 (Fed. Cir. 2008); *JVC Kenwood Corp. v. Arcsoft, Inc.*, 966 F. Supp. 2d 1003, 1008 (C.D. Cal. 2013).  "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."  *ASARCO, LLC, v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).  "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                              Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

dismissal under Rule 12(b)(6) is improper." *Id.*  For these reasons, dismissal at the pleading stage is rare.  Indeed, TruAbutment cites no supporting authority that dismissed a case at the pleading stage on the grounds of patent exhaustion.[2]  (*See* MTD.)

Here, TruAbutment fails to establish that there are no disputed facts as to whether the implants substantially embody the essential features of the patents-in-suit.  The Complaint clearly alleges that the patented CrossFit **connection** employs the "anti-rotational feature" and "anti-jamming features."  (Compl. ¶¶ 19-20 (emphasis added).)  The '904 Patent claims a "dental implant system comprising a dental implant, an abutment and a threaded screw, the abutment being provided with a guiding and lock means for associating the abutment to the dental implant."  ('904 Patent at 13, attached as Ex. A to Compl. Doc. 1-1.)  The '002 Patent claims a "dental implant system comprising a dental implant, an abutment and a threaded screw, the abutment comprising a guiding and lock means and the dental implant comprising a complementary guiding and lock means."  ('002 Patent at 14, attached as Ex. B to Compl. Doc. 1-2.)  Clearly, Straumann alleges that the patents-in-suit are predicated upon this three-component connection system and the inventive features are not substantially embodied in the implant alone merely because the abutment must adopt a complementary shape.  It is premature to decide TruAbutment's affirmative defense to the contrary on a motion to dismiss.

---

[2] At the hearing held on September 13, 2019, Counsel for Defendant suggested that of the cases cited in the Motion to Dismiss, *LifeScan* and *Impression Products* provided support for dismissal at the pleading stage on the grounds of patent exhaustion.  However, in *Impression Products*, the Supreme Court indicated merely that patent exhaustion could be addressed at the motion to dismiss stage. *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1526 (2017).  Additionally in *LifeScan*, the Federal Circuit, in reference to a factual record developed only up to the preliminary injunction stage, found that the defendant had established its *affirmative defense* of patent exhaustion as a matter of law.  *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1367 (Fed. Cir. 2013) (emphasis added).  Nevertheless, on remand Judge Orrick denied a motion for judgment on the pleadings with respect to the issue of patent exhaustion.  *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11-cv-044940-WHO, 2014 WL 2159331, at *3 (N.D. Cal. May 23, 2014.)  In so doing, he noted that the plaintiff should be afforded an opportunity to further develop the record on the issue, which was more appropriate for resolution at the summary judgment stage.  (*Id.*)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                         Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

B.      <u>**Straumann Sufficiently Pleads a Claim Under the Lanham Act (Seventh Claim)**</u>

The Lanham Act provides a private right of action against any person who uses in commerce:

> any . . . false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a)(1)(A)-(B).

TruAbutment notes that Straumann's Complaint is replete with references to TruAbutment's noncompliance with FDA requirements, and argues that Straumann may not bring a private action under the Lanham Act for TruAbutment's alleged regulatory noncompliance.  (MTD at 10-12.)  Specifically, TruAbutment asserts that "[b]ecause the FDCA forbids private rights of action under that statute, a private action brought under the Lanham Act may not be pursued when … the claim would require litigation of the alleged underlying FDCA violation in a circumstance where the FDA has not itself concluded that there was such a violation." (*Id*. at 9 (citing *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010))).

However, unlike *PhotoMedex*, Straumann's Lanham Act claim does not depend upon contentions that TruAbutment marketed and sold its abutments without first obtaining 510(k) clearance from the FDA.  *See PhotoMedex*, 601 F.3d at 927-28.  Straumann also alleges that "TruAbutment has made false statements in its advertisements . . .  that its Accused Products are compatible with, or equivalent to, Straumann's authentic products."  (*Id*. ¶ 91.)  Therefore, Straumann could succeed on its Lanham Act claim without litigating any alleged underlying FDCA violation.  A motion to dismiss is not appropriately directed to particular theories of liability, but only to a claim in its entirety.  *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009)

___

**CIVIL MINUTES – GENERAL            7**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                          Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

(noting that a 12(b)(6) motion is not properly brought when it attacks only the sufficiency of certain allegations supporting a claim, and not the underlying claim in its entirety).

TruAbutment further argues that Straumann's Lanham Act false advertising claim should be dismissed for its failure to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.  "A majority of district courts in the Ninth Circuit apply Rule 9(b) to Lanham Act false advertising claims because they are 'grounded in fraud.'"  *Bragel Int'l, Inc. v. Kohl's Dept. Stores, Inc.*, No. 2:17-cv-07414-RGK-SSx, 2018 WL 7890856, at *2 (C.D. Cal. Jul. 25, 2018) (citing *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2014 WL 5365514, at *7 (W.D. Wash. Oct. 21, 2014)).  Under Rule 9(b), allegations of fraud or mistake must be pleaded with particularity concerning the circumstances constituting fraud or mistake.  Fed. R. Civ. P. 9(b).  The Ninth Circuit has held that such allegations must "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Thus, "averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

The Court finds Straumann's Lanham Act claim sufficiently complies with Rule 9(b).  Straumann's allegations include the following: TruAbutment markets and sells cheap replacements as "compatible" with Straumann dental implants (Comp. ¶ 4); TruAbutment advertises these products on its website as well as industry tradeshows (*Id.* ¶ 24, 30); TruAbutment's products are not actually compatible with those sold by Straumann because they are unsafe and fail at an unacceptably high rate (*Id.* ¶ 4, 40); the failure of a knockoff abutment is capable of unfairly casting doubt upon an otherwise safe and effective dental implant (*Id.* ¶ 42); dental labs are likely to select and supply cheaper third-party abutments to dentists if they are falsely advertised as equivalent to Straumann's (*Id.*); Straumann has suffered a diversion of sales and a lessening of goodwill as a result of TruAbutment's activities (*Id.* ¶ 95); and Straumann is suffering ongoing interference with customer relationships (*Id.* ¶ 96).  Moreover, Straumann has provided examples of the alleged advertisements of false statements (*Id.* ¶ 25; '904 Claim Chart at 2, attached as Ex. E to Compl, Doc. 1-5; '002 Claim Chart at 2, attached as Ex. F

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                               Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

to Compl, Doc. 1-6) and alleged two instances of TruAbutment product failures that it has learned of (Compl. ¶ 40.)

The Court finds that the averments of Lanham Act false advertising in the Complaint are sufficiently accompanied by "the who, what, when, where, and how" of the misconduct charged, and are specific enough to give TruAbutment adequate notice to allow it defend against the charges.  *See TransFresh Corp v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1018-1099 (N.D. Cal 2012) (finding similar allegations of false statements made on a website satisfied Rule 9(b) pleading requirements because plaintiff identified specific statements, the source of the statements (defendant corporation), and where they could be found (the website), as well as why the statements were false and misleading).  Therefore, Straumann's Lanham Act claim satisfies Fed. R. Civ. P. 9(b) pleading standards.

> **i.     Straumann Sufficiently Pleads a Bus. & Prof. Code § 17200 ("UCL") Claim (Eighth Claim)**

"The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'"  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (quoting Cal. Bus. & Prof. Code § 17200). "Its purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'"  *Id*. (quoting *Kasky v. Nike, Inc.* 27 Cal. 4th 939, 949 (2002)).  "The UCL's scope is broad.  By defining unfair competition to include any *unlawful* [] business act or practice, the UCL permits violations of other laws to be treated as unfair competition that is independently actionable."  *Kasky*, 27 Cal. 4th at 949 (internal quotation marks omitted) (emphasis original).  "With respect to the unlawful prong of section 17200, it is clear that "[v]irtually any state, federal, or local law can serve as the predicate."  *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1052 (9th Cir. 2017) (citing *People ex rel. Lockyer v. Fremont Life Insurance Co.*, 104 Cal.App.4th 508 (2002)).  Accordingly, sufficient pleading of a Lanham Act claim also constitutes a pleading sufficient to support a claim for unfair business practices.  *See Greenberg v. Johnson*, No. CV-14-04605-MWF (VBKx), 2015 WL 12732712, at *5 (C.D. Cal. Jan.

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00878-JLS-DFM                          Date: October 01, 2019
Title: Straumann USA, LLC v. TruAbutment Inc.

13, 2015); *Vinson v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 WL 6987087, at *3-*4.

  Here, as Straumann's Lanham Act claim is sufficiently pleaded, both substantively and pursuant to Rule 9(b)'s heightened standard, so is its UCL claim.[34]

## V. <u>CONCLUSION</u>

  For the foregoing reasons, the Court DENIES TruAbutment's Motion to Dismiss in its entirety.

Initials of Preparer:  tg

---

[3] TruAbutment argues that Straumann's UCL claim is based solely upon its patent infringement claim, and is therefore preempted by federal patent law.  MTD at 13; *see Allergan Inc. v. Athena, et al.*, No. SACV 07-01316-JVS (RNBx), No. SACV 08-427, No. SACV 09-328, 2010 WL 10150852, at *4 (C.D. Cal. Mar. 3, 2010) (citing *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.,* 7 F.3d 1434, 1442 (9th Cir. 1993)).  However, as Straumann points out, the Complaint premises the UCL claim not solely upon various allegations of patent infringement, but also upon alleged violations of the Lanham Act.  (MTD Opp. at 16-17; *see* Compl. ¶ 105.)  For this reason, the Court need not address TruAbutment's preemption argument.

[4] TruAbutment argues that Straumann fails to allege any basis for restitution as a form of relief under its UCL cause of action.  The Court does not address this argument because "[w]hen a plaintiff states a claim, the appropriate form of relief is not to be decided upon a motion to dismiss."  *Wildin v. FCA US LLC*, No. 3:17-CV-02594- GPC-MDD, 2018 WL 3032986, at *6 (S.D. Cal. June 19, 2018) (citing *Spann v. J.C. Penney Corp.*, SA CV 12-0215 FMO (RNBx), 2015 WL 1526590, at *4 (C.D. Cal. Mar. 17, 2015)).

---